# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHRISTOPHER EVERETT**  **PLAINTIFF**
**#84273**

v.   No: 4:22-cv-00265 KGB-PSH

**CREACH,** *et al.*   **DEFENDANTS**

## ORDER

Plaintiff Christopher Everett filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on March 22, 2022 (Doc. Nos. 1 & 2). Everett is an inmate at the White County Detention Facility[1] and is considered a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA") because he has had at least three cases dismissed for failure to state a claim upon which relief may be granted. *See Everett v. Banister, et al.,* No. 3:20-CV-000192 (E.D. Ark.); *Everett v. Payne, et al.*, No. 3:20-cv-00243-DPM (E.D. Ark.); and *Everett v. Dykes, et al.*, 3:20-cv-00309-KGB (E.D. Ark.).

The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

---

[1] Everett is an ADC prisoner on the White County Waiting List according to the Arkansas Division of Correction's website. *See* https://apps.ark.org/inmate_info/index.php.

the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). As a three-striker, Everett must show that he was in imminent danger of serious physical injury at the time he filed the complaint in order to proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Everett alleges that he has diabetes and requested to have his blood sugar tested on February 2, 2022, but defendants did not test his blood sugar during a five-hour period on that date. Doc. No. 2. Everett alleges this was not the first time this has happened. The Court needs additional information to determine if a genuine risk of an ongoing serious physical injury exists related to the claimed failure to check Everett's blood sugar levels. Accordingly, the Court will not rule on Everett's pending motion to proceed IFP at this time. Everett is directed to amend his complaint within thirty days from the date of this Order to describe why he believes

he is in imminent danger of serious physical injury. Everett must also describe how each defendant was personally involved in the actions he alleges.

The Clerk of Court is directed to send a blank § 1983 complaint form to Everett. Everett is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Everett fails to file an amended complaint conforming to this Order within thirty days, the Court will recommend this case be dismissed.

IT IS SO ORDERED this 4th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE